UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO POWER INTEGRATIONS, INC.<br><br>COGNIPOWER LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. ET AL,<br><br>　　　　Defendants. | Case No. 24-mc-80157-VKD<br><br>Issuing Court Case No: 2:23-cv-160-JRG (E.D. Tex.)<br><br>**ORDER RE COGNIPOWER'S MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUPBOENA**<br><br>Re: Dkt. No. 1 |

In connection with CogniPower LLC's ("CogniPower") motion to compel Power Integrations, Inc.'s ("Power Integrations") compliance with a document subpoena, the Court ordered the parties to file by August 9, 2024 at noon, a "stipulation documenting their agreement regarding Power Integrations's further document production" and to specifically identify any matters at issue in the motion to compel that still require the Court's decision. *See* Dkt. No. 16.

The parties[1] did not comply with this order. Power Integrations filed a "proposed order," which does not reflect CogniPower's agreement, and attached the parties' email correspondence. Dkt. No. 18. CogniPower filed a separate statement explaining its view of why the parties were unable to file a stipulation documenting their agreement, and also filed the parties' email correspondence. Dkt. Nos. 19, 20. In these circumstances, having concluded that further oral argument is unnecessary, the Court will simply decide the motion to compel on the record

---

[1] "Parties" as used in this order refers to CogniPower and Power Integrations.

presented.

As set forth below, the Court grants, in part, CogniPower's motion to compel with respect to certain documents within the scope of Requests Nos. 1-4 and 6, and denies the motion to compel with respect to Request No. 5.

## I. BACKGROUND

CogniPower is the plaintiff in a patent infringement action, *CogniPower LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:23-cv-160-JRG, pending in the Eastern District of Texas ("Texas action"). In that action, CogniPower contends that Samsung's accused products contain components supplied by Power Integrations. Dkt. No. 1 at 1. On October 9, 2023, CogniPower served a subpoena on Power Integrations requesting production of the following documents:

1. Documents and Communications sufficient to identify any and all Supplier Components.[2]

2. Documents and Communications relating to technical and design information, technical specifications, manufacturing specifications, circuit diagrams, functional block diagrams, circuit schematics, component specifications of any Supplier Component.

3. Documents and Communications relating to the development, customization, or specialization of Supplier Components for or on behalf of Samsung.

4. Documents and Communications relating to financial data regarding the Supplier Components, including but not limited to sales, revenues, costs, profits, and savings; units, pricing, published, and quoted prices; actual prices charged and received; costs associated with the manufacturing, purchasing, distribution, and sales; and projected sales.

5. Documents and Communications exchanged with Samsung relating to CogniPower, the Asserted Patents, the Samsung Litigation, the IPRs, and any investigations relating thereto, including but not limited to the identity of all Samsung officers, agents, and/or employees involved; any technical assessment or evaluation of CogniPower's power management, regulation, and conversion technology or the Asserted Patents.

---

[2] The subpoena defines "Supplier Component" as "any of Your products or components that have been supplied, sold, or otherwise provided to Samsung whether for sale, offer for sale, testing, configuration, or other use with any Accused Samsung Product, including but not limited to Your InnoSwitch3-Pro series (e.g., PI SC1920C), InnoSwitch3-CP and InnoSwitch-CH products (including any and all versions and/or variations thereof)." Dkt. No. 1-2, at ECF 5-6. The subpoena identifies dozens of "Accused Samsung Products." *Id.* at ECF 2-5.

6. Documents and Communications relating to any agreements or contracts for the design, manufacture, sale, supply, testing, or other use of Supplier Components.

Dkt. No. 1-2, at ECF 15-16. It now moves to compel Power Integrations' compliance with the subpoena. Dkt. No. 1.

Power Integrations asserts that it has already produced documents responsive to many of these document requests, and it objects to other requests on various grounds. Dkt. No. 9 at 4-12. CogniPower moves to compel production of the following categories of documents that it claims are within the scope of the subpoena but have not yet been produced: (1) Objective Technical Specifications ("OTS") for all versions of the controller chips that Power Integrations supplies to Samsung; (2) documents embedded in or linked in any OTS document; (3) documents sufficient to identify which InnoSwitch chip models correspond to which chip-level schematics; which components of InnoSwitch chips correspond to which schematics; and which InnoSwitch chip functionalities correspond to which schematics; (4) technical documentation provided by Power Integrations to Samsung or Samsung's third party manufacturers; (5) documents "relevant to the claims of benefits and advantages over competitor controller chips" made in the Texas case; (6) financial documents related to the InnoSwitch products; (7) documents relating to the design, development, and testing of the InnoSwitch products or their components; (8) communications with Samsung and other customers regarding customization of any InnoSwitch products; and (9) documents detailing the technical specifications for components identified as "blackboxes" on Power Integrations' public datasheets, such as regulator components. Dkt. No. 1 at 5-6; Dkt. No. 12 at 7-11.

## II. LEGAL STANDARD

The scope of discovery available by document subpoena under Rule 45 of the Federal Rules of Civil Procedure is the same as the scope of discovery available under Rule 34. *See* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). A party may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the

3

case. Fed. R. Civ. P. 26(b)(1). However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1)(A), (3)(A). Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## III.  DISCUSSION

### A.  Technical Documents

With respect to Requests Nos. 1-3, Power Integrations does not dispute that it supplies components to Samsung and that those components are included in Samsung's accused products. The Court concludes that documents regarding the identification of and technical details about these components are likely to contain information that is relevant to claims and defenses asserted in the Texas action and are unlikely to be available from a party to that litigation. These documents should be produced. However, CogniPower has not shown that it is entitled to all "documents and communications" "relating to" the technical details of these components. *See Spectrum Scientifics, LLC v. Celestron Acquisition, LLC*, No. 20-cv-03642 EJD (VKD), 2020 WL 7352644, at *2 (N.D. Cal. Dec. 15, 2020) ("As a general matter, the formulation 'all documents relating to . . .' invites dispute and is generally disfavored precisely because the boundaries of the request are difficult to identify.").

Accordingly, if it has not done so already, the Court orders Power Integrations to produce the following documents:

4

1. All OTS documentation for all Supplier Components.[3]

2. All documents embedded in or linked in the OTS documentation for all Supplier Components. To the extent the parties agree that a more limited subset of embedded/linked documents may be produced (such as documents embedded in or linked in the OTS documents for InnoSwitch3, *see* Dkt. No. 18 at 2), Power Integrations may limit its production to those embedded/linked materials in those OTS documents.

3. Documents sufficient to show or explain the operation of the regulator on the secondary side of the Supplier Components, such as the REGULATOR 4.4V in PIC00003641.

4. Documents sufficient to show whether and how each Supplier Component was customized for or on behalf of Samsung.

The Court denies CogniPower's motion to compel documents responsive to Requests Nos. 1-3 in all other respects.

### B. Financial and Sales-Related Documents

Wither respect to Request No. 4, CogniPower offers no justification for requiring Power Integrations to produce comprehensive information about its sales, revenues, costs, or profits, apart from the bare contention that this information is "directly related to the damages issues" in the Texas action. Dkt. No. 12 at 10. However, as the parties apparently have agreed that Power Integrations will produce "sales data showing at least the volume of [Power Integrations'] sales to Samsung . . . from September 14, 2018 to present," and "forecasted sales data," *see* Dkt. No. 18 at 2; Dkt. No. 19 at 2, the Court will order Power Integrations to produce this sales data and forecast information for each Supplier Component.

The Court denies CogniPower's motion to compel documents responsive to Request No. 4 in all other respects.

### C. Documents and Communications Exchanged with Samsung

Request No. 5 asks Power Integrations to produce documents and communications

---

[3] To the extent the parties *agree* that "Supplier Components" are limited to "the chips identified in Samsung's August 2, 2024 letter," *see* Dkt. 19 at 2, Power Integrations may limit its productions to those chips.

5

1  exchanged with Samsung relating to many different topics.  CogniPower's motion to compel
2  focuses on a subset of Power Integrations' communications with Samsung concerning design and
3  development work to customize the Supplier Components for Samsung.  However, CogniPower
4  has not shown that Samsung—the other party to these communications and the defendant in the
5  Texas action—does not have these communications.  Absent such a showing, CogniPower is not
6  entitled to compel production of these documents from Power Integrations.  *See Nidec Corp. v.*
7  *Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden
8  nonparties when the documents sought are in possession of the party defendant.").

The Court denies CogniPower's motion to compel with respect to Request No. 5.

### D. Agreements

With respect to Request No. 6, the parties appear to have agreed that Power Integrations will produce its "[a]greements with the list of overseas companies CogniPower identified to PI regarding (a) the development, customization, or specialization of any of the [Power Integrations] chips in question for or on behalf of Samsung, and (b) the design, manufacture, sale, supply, testing, or other use of the [Power Integrations] chips in question, to the extent they exist." *See* Dkt. No. 18 at 2; Dkt. No. 19 at 2.  Thus, the Court orders Power Integrations to produce any such agreements in its possession, custody, or control.

Because CogniPower has not shown that it is entitled to all "documents and communications" "relating to" the agreements described in Request No. 6, *see Spectrum Scientifics,* 2020 WL 7352644, at *2, and it offers no justification for the production of any other agreements, the Court denies CogniPower's motion to compel documents responsive to Request No. 6 in all other respects.

### IV. CONCLUSION

Power Integrations must produce the Technical Documents within the scope of Requests Nos. 1-3, as described in this order, to CogniPower by **August 16, 2024**.

Power Integrations must produce the Sales-Related Documents and Agreements within the scope of Requests Nos. 4 and 6, as described in this order, to CogniPower by **August 20, 2024**.

//

1     **IT IS SO ORDERED.**

2   Dated: August 9, 2024

Virginia K. DeMarchi<br>
United States Magistrate Judge