UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO POWER INTEGRATIONS, INC.<br><br>COGNIPOWER LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. ET AL,<br><br>　　　　Defendants. | Case No.  24-mc-80157-VKD<br><br>Issuing Court Case No: 2:23-cv-160-JRG (E.D. Tex.)<br><br>**ORDER RE COGNIPOWER'S MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENAS**<br><br>Re: Dkt. No. 24 |

On January 7, 2025, the Court held a hearing on CogniPower LLC's ("CogniPower") motion to compel Power Integrations, Inc.'s ("Power Integrations") compliance with certain document subpoenas. Dkt. No. 24. CogniPower is the plaintiff in a patent infringement action, *CogniPower LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:23-cv-160-JRG, pending in the Eastern District of Texas ("Texas action"). Dkt. No. 24-1 at 1. In that action, CogniPower contends that Samsung's accused products contain components supplied by non-party Power Integrations. *Id.* at 2. Samsung has asserted an invalidity defense, claiming that certain Power Integrations chips are prior art to CogniPower's patents. *Id.*

CogniPower has served several document subpoenas on Power Integrations, include three subpoenas at issue here. *See* Dkt. No. 1-2; Dkt. No. 24-3; Dkt. No. 24-6. It now moves to compel Power Integrations to produce four categories of documents that it says are within the scope of these subpoenas:

　　1. Communications between Power Integrations and Samsung that are not in Samsung's

      possession.

2. Power Integrations physical test chips relating to its alleged conception and reduction to practice of asserted prior art.

3. Testing or simulations for the InnoSwitch1 and InnoSwitch3 that show the information transmitted over the FluxLink and that show the information received on the primary side.

4. Prior art search results or a privilege log showing the prior art search results and the dates Power Integrations became aware of prior art references.

Dkt. No. 24-1 at 1-2. However, at the hearing, the parties[1] advised that only two categories of documents remain at issue for purposes of this motion: (1) Power Integrations' prior art search results; and (2) communications between Power Integrations and Samsung. Dkt. No. 36. For the reasons discussed at the hearing and as further explained below, the Court orders as follows:

### 1. Power Integrations' Prior Art Search Results

CogniPower's subpoena asks Power Integrations to produce prior art searches performed by Power Integrations relating to U.S. Reissue Patents Nos. RE47,031 and RE47,713—two of the patents asserted by CogniPower in the Texas action against Samsung. Dkt. No. 24-6 (Request No. 18). CogniPower offers no persuasive justification for requiring Power Integrations to produce, or generate a privilege log for, prior art searches that were conducted in 2020 and are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. The Court denies CogniPower's motion to compel this category of documents or a privilege log listing the documents in this category.

### 2. Communications Between Power Integrations and Samsung

At the hearing, CogniPower advised that its requests for communications between Power Integrations and Samsung are limited to the 2011-2012 time period, and are additionally limited to communications about the following subjects: (1) CogniPower, its patents and its technology, including the OmniSwitch; (2) the design of the controller chips Power Integrations supplies to

---

[1] "Parties" as used in this order refers to CogniPower and Power Integrations.

1  Samsung for use in the accused products, including any customization or specialization on behalf
2  of Samsung; and (3) Samsung's requirements or specifications for the controller chips used in the
3  accused products. *See* Dkt. No. 36; Dkt. No. 31 at 1-2.  CogniPower argues that it has attempted
4  to obtain these documents for Samsung directly in the Texas action without success because
5  Samsung does not have those documents for the 2011-2012 time period.  Dkt. No. 24-1 at 3-4.
6  Power Integrations objects to production of these communications on several grounds, but its
7  principal objection is that to the extent CogniPower seeks evidence of Samsung's disclosure of
8  confidential CogniPower information to Power Integrations, its requests are overbroad, and even if
9  CogniPower's demand was limited to communications reflecting such disclosures, there is no non-
10 speculative basis to believe any such disclosures occurred.  *See* Dkt. No. 29 at 2-3, 4-8.  In
11 addition, Power Integrations contends that it has already produced communications between
12 Power Integrations and Samsung for the 2011-2012 time period in the separate action,
13 *CogniPower LLC v. Fantasia Trading LLC et al*, 1:19-cv-02293-JLH-SRF, pending in the District
14 of Delaware ("Delaware action"), and that it has made that same production available for
15 CogniPower's use in the Texas action.  *Id.* at 4; Dkt. No. 36; *see also* Dkt. No. 1 at 7-8; Dkt. No.
16 29 at 9.

17 The Court finds that CogniPower has articulated reasonable grounds for its request for
18 communications between Samsung and Power Integrations in the 2011-2012 time period
19 regarding CogniPower's technology and Power Integrations' development of the OnmiSwitch.
20 However, the Court is not persuaded that CogniPower is entitled to production of the full scope of
21 the communications described in its reply.  Further, the parties disagree about whether Power
22 Integrations' search for and production of responsive communications in the Delaware action,
23 which has been shared with CogniPower, already encompasses the communications CogniPower
24 seeks here.  Dkt. No. 36.  To assist the parties and the Court in resolving their dispute regarding
25 this document category, the Court orders as follows:

26 1. By **January 21, 2025**, CogniPower must describe to Power Integrations the specific
27    subject matter of the communications it seeks.  In addition, CogniPower must identify
28    the Power Integrations custodians (by name and/or by job function) and/or repositories

that it believes should be searched for such communications, and it must identify the search terms it believes are reasonably tailored to hit the communications it seeks.

2. By **January 28, 2025**, Power Integrations must identify to CogniPower the custodians and/or repositories whose documents it previously searched for responsive communications, and it must disclose the search terms that it believes hit documents responsive to CogniPower's requests for communications.

3. Thereafter, the parties must confer regarding whether Power Integrations' prior searches and productions can be expected to have captured communications with the specific subject matter CogniPower seeks for the time period 2011-2012.

4. The parties must jointly file a report regarding the status of their dispute by **February 4, 2025**.

**IT IS SO ORDERED.**

Dated: January 8, 2025

Virginia K. DeMarchi
United States Magistrate Judge

4