UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO POWER INTEGRATIONS, INC.<br><br>COGNIPOWER LLC,<br>   Plaintiff,<br>   v.<br>SAMSUNG ELECTRONICS CO., LTD. ET AL.,<br>   Defendants. | Case No. 24-mc-80157-VKD<br><br>Issuing Court Case No: 2:23-cv-160-JRG (E.D. Tex.)<br><br>**FURTHER ORDER RE COGNIPOWER'S MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENAS**<br><br>Re: Dkt. Nos. 24, 42 |

The Court has reviewed the parties' February 4, 2025 status report and considered their respective statements regarding the sole issue that remains in dispute: CogniPower's demand for communications between Power Integrations and Samsung, during the period 2011-2012, regarding CogniPower's technology and Power Integrations' development of the OmniSwitch. Dkt. No. 42; *see* Dkt. No. 37. While the parties exchanged information regarding their positions as directed by the Court, the report reflects that they did not confer as ordered. *See* Dkt. No. 37 at 3-4. The Court concludes that no further briefing or hearing is warranted regarding the matter. The Court therefore finally resolves this dispute as follows:

In its prior order, the Court found that "CogniPower has articulated reasonable grounds for its request for communications between Samsung and Power Integrations in the 2011-2012 time period, regarding CogniPower's technology and Power Integrations' development of the OmniSwitch." Dkt. No. 37 at 3. The scope of any such demand for production must, however, be tailored to the technology at issue in the underlying patent infringement action. CogniPower's

1  proposals are not so tailored. Instead, CogniPower proposes several search terms that would
2  likely capture communications between Power Integrations and Samsung about generally
3  available product components and functionality. *See* Dkt. No. 31 at 2-5; Dkt. No. 42 at 3-4.
4  Moreover, the Court agrees with Power Integrations that to the extent that CogniPower proposes
5  search terms that reflect how the litigants (i.e. CogniPower and Power Integrations) refer to the
6  asserted patents *in litigation,* CogniPower fails to show that these search terms are likely to
7  capture communications reflecting how CogniPower described its technology to Samsung, or how
8  Samsung allegedly described that same technology to Power Integrations, in a non-litigation
9  context in 2011 or 2012. *See* Dkt. No. 42 at 3-4 (referring to several proposed search terms as
10 "used in communications between CogniPower and Power Integrations").

11 At the same time, Power Integrations' reliance on the deposition testimony of its witnesses
12 (and Samsung's) that there were no communications about CogniPower's technology is not
13 particularly compelling, as CogniPower seeks this discovery, in part, to test the statements made in
14 deposition. The Court has already concluded that this is no mere fishing expedition, but rather
15 that CogniPower has identified reasonable grounds for seeking these documents. To the extent
16 Power Integrations insists that it has already searched for these materials, its failure to engage in
17 discussions with CogniPower, as ordered, raises doubts about the reliability of its representations
18 regarding the adequacy of its searches.

19 The Court has reviewed the asserted patents, as well as the claim construction order in the
20 Texas action. Giving due consideration to the appropriate scope of discovery of a non-party, *see*
21 Dkt. No. 21 at 3-4, the Court orders Power Integrations to conduct the following additional[1]
22 searches of custodial ESI for communications between Power Integrations and Samsung during
23 the period 2011-2012:

---

[1] It is not entirely clear to the Court exactly which search terms Power Integrations used in its prior searches. *See, e.g,* Dkt. No. 42-4 at 2 ("I can confirm that communications containing a portion of the search strings (e.g., 'Lawson', 'Morong', 'demand pulse') would have been captured in PI's searches, too.").

1. *Search terms*
   a. CogniPower (and variations thereof, such as "Cogni*" or "CP")
   b. Lawson
   c. Morong
   d. "demand pulse"[2]
   e. "transformer feedback isolation" OR "isolating feedback signals"
   f. OmniSwitch OR Omni* [or however else Power Integrations referred to this product in 2011 or 2012] AND "standby current" w/4 reduc*

Power Integrations must run its original search terms and these additional search terms against custodial ESI, limited to communications with Samsung during the period 2011-2012, for the following custodians:

2. *Custodians*
   a. Balu Balakrishnan
   b. Mike Matthews
   c. David Kung
   d. Sheng Liu
   e. Giao Pham
   f. Roland Saint-Pierre
   g. Alex Djenguerian
   h. Leif Lund
   i. Rahul Joshi

For these custodians, Power Integrations is required to search ESI that is reasonably accessible; it is not required to restore back-up tapes or search archives that are not reasonably accessible.

Power Integrations must complete its search and production of relevant communications by **March 10, 2025**.

---

[2] CogniPower claims that the proposed search term "compound converter" refers to a "component discussed in the Asserted Patents." Dkt. No. 42 at 4. The Court has searched the asserted patents and did not find this term used.

3

1    **IT IS SO ORDERED.**

2    Dated: February 6, 2025

Virginia K. DeMarchi
United States Magistrate Judge